UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATAN MICHAEL OHANA, individually and on behalf of all others similarly situated,<br><br><br>                              Plaintiff,<br><br>- against –<br><br><br>BORDEAUX LLC, SHAI GUETTA, and ISAAC SIMON,<br><br>                              Defendants. | Index No.<br><br><br>**COMPLAINT**<br><br><br>**FLSA COLLECTIVE ACTION** |

Plaintiff MATAN MICHAEL OHANA, by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks unpaid overtime, retained gratuities, statutory damages,

interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.      Plaintiff MATAN MICHAEL OHANA ("Plaintiff") resides in the County of Kings in the State of New York.  At all relevant times, Plaintiff was employed by Defendants as a waiter, as described herein, from in or around March 2015 through the present.

7.      Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8.      Defendant BORDEAUX LLC. ("Defendant Bordeaux"), is a New York State domestic corporation licensed to do business in the State of New York, with an office and place of business at 1922 Coney Island Avenue, Brooklyn, NY, 11230.

9.      Defendant SHAI GUETTA ("Defendant Guetta") is the owner, chairman/chief executive officer, manager and/or operator of Defendant Bordeaux,

Defendant Guetta has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10.     Defendant ISAAC SIMON ("Defendant Simon") is the owner, chairman/chief executive officer, manager and/or operator of Defendant Bordeaux, Defendant Simon has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

11.     Defendants Bordeaux, Guetta and Simon are herein collectively referred to as "Defendants".

12.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

13.     At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

14.     Defendants operate a kosher steak house in Brooklyn New York under the name "Bordeaux".

15.     At all times relevant hereto, Defendants employed the Plaintiff and FLSA Collective Plaintiffs as non-exempt employees including, but not limited to, waiters, runners and busboys.

3

16.     Throughout six months of the year, Defendants scheduled Plaintiff to work – and Plaintiff worked- 6 days per work week from either 4pm through 11pm or 4:30pm through 11:30pm.

17.     Throughout the other six months of the year, Defendants scheduled Plaintiff to work – and Plaintiff worked- 5 days per work week from either 4pm through 11pm or 4:30pm through 11:30pm.

18.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of a 40-hour work week.

19.     Except for the first two months of his employment, Defendants paid Plaintiff $130 per work day.

20.     Defendants paid Plaintiff and the FLSA Collective Plaintiffs a shift pay, per work day.

21.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and the FLSA Collective Plaintiffs.

22.     Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

23.     Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

24.     Defendants charge their patrons an 18% gratuity fee.

4

25.     During the first two months of his employment, Plaintiff received 10% of the gratuity fee.

26.     Thereafter, Defendants retained employee gratuities and "charges purported to be gratuities" in violation of the NYLL.

27.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

28.     Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

29.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week.  Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

30.     Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time including, but not limited to, as waiters, runners, and busboys, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

32.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them minimum wage, and legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

33.     Other waiters, runners, and busboys currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including, but not limited to waiters, runners, and busboys to receive notice of the action and allow them to opt in to such an action if they so choose.

34.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)

35.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

36.     Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

37.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

38.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

39.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

40.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

41.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

42.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

Case 1:17-cv-00513-FB-ST   Document 1   Filed 01/30/17   Page 8 of 13 PageID #: 8

43.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage and Overtime Wages – NYLL)

44.     Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

45.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked and hours worked in excess of forty (40) hours in any workweek.

46.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

47.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

48.     Plaintiff seeks damages for unpaid minimum wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Illegal Retention of Gratuities and "Charged Purported to Be Gratuities" – NYLL)

49.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

50.     At all times relevant to this action, Defendants unlawfully retained Plaintiff's gratuities and "charges purported to be gratuities" in violation of NYLL §196-d.

51.     Defendants' violations of NYLL §196-d were willful and not in good faith compliance of the NYLL.

52.     Plaintiff seeks damages in the amount of retained gratuities, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Notice Violations & Wage Statement Violations – NYLL §195)

53.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

54.     Defendants failed to supply Plaintiff with a notice as required by NYLL § 195, in English or in the languages identified by Plaintiff as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55.     Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

56.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, pray for relief as follows:

(a)     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs;

(c)     An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(d)    Costs of action incurred herein, including expert fees;

(e)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(f)    Pre-Judgment and post-judgment interest, as provided by law; and

(g)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: January 30, 2017

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT A

I am a current or former employee of BORDEAUX LLC, SHAI GUETTA, ISAAC SIMON, and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this __6__ day of ___June___ , 2016.

_____
Signature

_____
Full Legal Name (print)